**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  26-22756-CV-MIDDLEBROOKS

JOANNYS REGALADO HERNANDEZ,

      Petitioner,

v.

WARDEN, KROME SERVICE PROCESSING
CENTER, *et al.*,

      Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition") (DE 1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Johnny Regalado Hernandez ("Petitioner").  Respondents have filed an Response (DE 9) opposing the Petition, claiming Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  Upon consideration of the filings by the Parties, pertinent portions of the record, and relevant authorities, for the reasons discussed below, the Petition the Petition is **DENIED**.

### I.  BACKGROUND

Petitioner is a native and citizen of Cuba.  (DE 9 at 1 (citing DE 9-2, Ex. A at 1)).  On an unknown date and location, Petitioner entered the United States.  (*Id.* (citing DE 9-2, Ex. A at 1)).  On July 2, 2024, Petitioner was arrested and charged with possession of cocaine, larceny, and possession of narcotic equipment.  (*Id.* at 1–2 (citing DE 9-3, Ex. B at 2)).  On August 1, 2024, all charges were dismissed.  (*Id.* at 2 (citing DE 9-3, Ex. B at 3)).  On July 25, 2024, Petitioner was arrested and charged with petit theft in Miami-Dade County, Florida.  (*Id.* (citing DE 9-3, Ex. B at 3)).  On December 17, 2024, Petitioner was convicted and sentenced to twenty-four (24) days'

time-served.  (*Id.* (citing DE 9-3, Ex. B at 3)).  On May 29, 2025, Petitioner was arrested and charged with possession of cocaine and narcotic equipment.  (*Id.* (citing DE 9-3, Ex. B at 2)).  These charges remain pending.  (*Id.* (citing DE 9-3, Ex. B at 2)).

On May 29, 2025, Petitioner was encountered by immigration and customs enforcement ("ICE") officials at the Turner Guilford Knight Correctional Center ("TGK") in Miami, Florida.  On that same date, an immigration detained was lodged.  (DE 9 at 2 (citing DE 9-3, Ex. B at 2)).  On July 8, 2025, Petitioner was taken into ICE custody.  (DE 1 at ¶ 11(a)).  On November 14, 2025, an Immigration Judge ("IJ") entered an Order finding Petitioner inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and ordered his removal to Cuba.  (DE 9 at 2 (citing DE 9-4, Ex. C at 1–3)).  On November 24, 2025, Petitioner filed a notice of appeal, appealing the IJ Order of removal.  (DE 9 at 2 (citing DE 9-5, Ex. D at 1).  The appeal remains pending.[1]  (DE 99 at 2).

On April 18, 2026, Petitioner filed the Petition (DE 1) presently before me for consideration.  (*Id.* at 9).  Petitioner claims that his continued detention by immigration officials since January 5, 2026, violates his constitutional rights.  (DE 1 at 4, 6–7).  As relief, Petitioner requests that I issue an Order directing Respondent to immediately release him from custody with or without a bond hearing.  (*Id.* at 7).

In their Response, Respondent argues that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and discretionary detention under 8 U.S.C. § 1226(a) is not applicable.  (DE 9 at 2).

---

[1] *See* Automated Case Information, BIA Case Information, which can be found on-line at Https://acis.eoir.justice.gov/en/caseinformation.

## II.  DISCUSSION

Given the allegations in the Petition, I must consider whether Petitioner's pre-removal detention has become unreasonably prolonged.  District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. §  2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction extends to challenges involving immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

This case, like a plethora of other cases around the country, arises from the DHS's recent changes to its interpretation of the INA detention provisions under Section 1225 and Section 1226 and the BIA's agreement with that interpretation in *Matter of Yajure Hurtado*, 29 U.& & N. Dec. 216 (BIA 2025).  Under the INA, Sections 1225 and 1226 govern the detention of noncitizens before a final order of removal.  Section 1225 governs the inspection, detention and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq.*  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States."  *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018)[2] (An alien who "'arrives in the United States' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'")

All applicants for admission "must be inspected by immigration officials to ensure that they may be admitted into the country consistent with U.S. immigration law."  *Jennings*, 583 U.S.

---

[2] In fact, the Supreme Court in *Jennings* emphasized the distinction between Section 1225, which applies to noncitizens seeking admission to the country at the border or a port of entry, while Section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

at 287 (citing Section 1225(a)(1)).  However, certain applicants for admission may be subject to removal proceedings under Section 1225(b).  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108–09 (2020) (citations omitted); *see also Jennings*, 583 U.S. at 287.  "Because section 1225 is mandatory, a 'noncitizen detained under section 1225(b)(2) may be released only if he is paroled for urgent humanitarian reasons or significant public benefit."

Unlike Section 1225, Section 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289. Section 1226(a) sets out a discretionary framework for noncitizens arrested and detained "[o]n a warrant issued by the Attorney General," and authorizes the Attorney General to "continue to detain the arrested alien[,]" release him on a "bond of at least $1,500[,]" or release him on "conditional parole[.]" 8 U.S.C. § 1226(a)(1)–(2).  While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that determination in a bond hearing before an IJ.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1).  "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Also, on July 8, 2025, DHS informed ICE employees that § 1225(b)(2), rather than § 1226(a), applies to all non-citizens present in the United States who have 'not been admitted . . . whether or not at a designated port of arrival." *Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (quoting *ICE Memo:  Interim Guidance Regarding Detention Authority for Applications for Admissions*, AILA Doc. No. 25071607 (Jul. 8, 2025)). As a result, DHS maintains that all non-citizens present in the United States who have not been admitted or paroled are applicants for admission and are subject to mandatory detention under § 1225(b)(2), without the possibility of bond. *Id.*  On September 5, 2025, the BIA agreed with the

DHS's position, issuing a binding precedent in *Matter of Yajure Hurtado* that IJs lack the authority to hear bond requests or to grant bonds to aliens who are present in the United States without admission because those aliens are properly detained under § 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Whether Petitioner is detained under Section 1225 or Section 1226 necessarily depends on the meaning of "seeking admission." The phrase "seeking admission" is ambiguous in the context of the INA. *See* 8 U.S.C. §§ 1102, 1225. Section 1225 defines an "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States[.]" 8 U.S.C. § 1225(a)(1). And, "admission" and "admitted" are defined as "the lawful entry of an alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13). However, the phrase "seeking admission" is not defined in the INA. 8 U.S.C. § 1225(b)(2)(A); *see generally* 8 U.S.C. § 1101.

Respondents argue that Petitioner is properly detained without bond under § 1225(b) as opposed to § 1226(a).[3] (DE 9). The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the

---

[3] Respondents, however, recognize that adverse district court decisions from the Southern District of Florida have been issued with respect to this argument but maintain and preserve their position for appellate purposes. (DE 9 at 4–6) (citations omitted).

"statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

It is true that I have previously rejected the precise arguments raised by Respondents here. *See Sanchez v. Noem,* No. 0:25-cv-62677-DMM (S.D. Fla. Jan. 20, 2020) (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 222556 (S.D. Fla. Jan. 28, 2026); *see also Gonzalez v. Noem*, No. 0:25-cv-62261-DMM 2025 WL 4053421, at *4 (S.D. Fla. Dec. 23, 2025) (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 115211, at *1 (S.D. Fla. Jan. 15, 2026). Additionally, courts in this District and around the country have also rejected Respondents' position.[4] *See e.g.*, *Merino v. Ripa*, No. 25-23856-CIV-Martinez, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) ("DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were

---

[4] Nonetheless, I recognize that there is currently a split among the Circuits with the Fifth Circuit denying habeas relief, concluding that aliens apprehended anywhere in the United States are never eligible for release on bond, no matter how long they have resided in the United States. *See generally Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). On May 6, 2026, after the Response filed here, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 at *3, *21 (11th Cir. May 6, 2026) (noting that Hernandez did not have any prior criminal history). Although *Hernandez-Alvarez* is binding precedent, I find the facts of *Hernandez* distinguishable from that of Petitioner's who failed to remain at liberty without violating the law while on immigration supervision.

already in the United States when apprehended, runs afoul of the statute's legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."); *Puga v. Ass't Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at \*5 (S.D. Fla. Oct. 15, 2025) ("[N]umerous courts have examined the interpretation of section 1225 articulated by Respondents—particularly following the BIA's decision in *Matter of Yajure Hurtado*—have rejected their construction and adopted Petitioner's.").

However, the text of § 2241 makes clear that relief is discretionary, permitting that I may—not that I shall grant relief—in order to "dispose of the matter as law *and justice* require."  *See* 28 U.S.C. §§ 2241 ("Writs of habeas corpus *may* be granted by . . . the district courts . . ..."); *see also Brown v. Davenport*, 596 U.S. 118, 128 (2022); *Wright v. West*, 505 U.S. 277, 285 (1992) (plurality opinion); *Edwards v. Vannoy*, 141 S. Ct. 1547, 1566 (2021) (Gorsuch, J., concurring).  In this case, Petitioner has not met his burden of demonstrating that he deserves the relief requested—immediate release from custody with or without a bond hearing.  The exercise of my discretionary authority necessarily requires consideration of all the facts and circumstances surrounding Petitioner's detention by immigration officials.  Petitioner was previously granted release by immigration officials on multiple occasions, with or without bond, but failed to remain at liberty without violating the terms and conditions of his release, resulting in Petitioner's detention.  While I have the power to grant the petition in part, I am "not bound in every case to exercise such a power."  *Ex Parte Royall*, 6 S.Ct. 734, 740 (1886) (affirming that a federal habeas corpus court has the power to discharge a pretrial detainee but was not bound to do so in every case).  Thus, equitable principles dictate that I deny the Petition.  *See Withrow v. Williams*, 507 U.S. 680, 716–19 (1993).

### III.   CONCLUSION

For all the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition (DE 1) is **DENIED**;

2.      All pending motions not otherwise ruled upon are **DENIED, as moot**; and

3.      The Clerk shall **CLOSE** this case.

**SIGNED** in Chambers at West Palm Beach, Florida this <u>28th</u> day of May, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to**:

**Joannys Regalado Hernandez,** *Pro Se*
Alien # 216423291
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Brittany B. Brock, AUSA**
DOJ-USAO
99 NE 4th Street, Suite 300
Miami, FL 33132
Email: Brittany.brock@usdoj.gov